UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------------x
```

In the Matter of the Application of
ALTHEA STEVENS
                    Candidate-Aggrieved

          -against-

ERIC STEVENSON, as candidate for the
Public Office of Member of the City
Council District and GARFIELD HOLLAND
as the candidate's contact person: AND

FREDERIC M. UMANE, MIGUELINA CAMILO,
JOSE  MIGUEL ARAUJO, GINO A. MARMORATO,
MICHAEL MICHEL, RODNEY L. PEPE-SOUVENIR,
SIMON SHAMOUN, PATRICIA ANNE TAYLOR,
TIFFANY TOWNSEND and JOHN WM. ZACCONE,
being the Commissioners of the Board of Elections in
The City of New York.

                    Respondents.

```
-------------------------------------------------------------x
```

Case No.:_____/_____


NOTICE OF REMOVAL


**TO THE CLERK OF COURT:**


### Notice of Removal to the United States District Court

Comes Now the Respondent Eric Stevenson and in direct support of his Notice to this

Court and all parties, hereby alleges, states, and provides the following:

By the filing of this Notice with the Clerk of this Court, together with the attached and

corresponding Notice of Petition and Petition for removal that was filed in the United States

District Court prior, these state proceedings are now REMOVED, by automatic operation of

federal law, and the Respondent now formally notifies the Court and all parties of that same fact.

Pursuant to the express and specific language of 28 U.S.C. 1441, et seq., immediately upon the filing of this Notice, with the Clerk of this Court, this case has been already removed; The removal of jurisdiction from this Court is automatic by operation of federal law, and does not require any additional written order from the District Judge to cause this removal to become "effective" – the removal is an automatic judicial event, and immediate by operation of law.

## **GROUNDS FOR REMOVAL**

The grounds for removal this lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes. The removal of this action to this Court is under 28 U.S.C. §1441 to §1446 because this Notice of Removal is filed under extraordinary circumstances, which is the date Defendant received the Summons, Complaint in this action.

Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served to Petitioner and a Notice of Filing, Notice of Removal will be filed with the Supreme Court of the State of New York, Bronx County. The United States District Court for the District of New York is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending.

The initial grounds for removal is based upon a notice of petition and petition filed and served on Respondent Eric Stevenson Candidate for 16th District of New York City Council, Bronx County, the notice of petition and petition is arbitrary to the campaign election of candidate Eric Stevenson whose civil rights is being deprived and challenge by Althea Stevens

another candidate who is running for the same position within the 16th District of the City of New York Council, Bronx County.

Garfield Holland is the campaign manager for Respondent Eric Stevenson who is listed as a Respondent, the other Respondents are the Commissioners of the Board of Election of the City of New York who had been equally served with notice of petition and petition to remove Respondent Eric Stevenson from the election due process.

Chapter 50-a section 1139 of the NYC Charter is void ab initio as the NYC Council lacks the authority under the NYS Constitution and the Municipal Home Rule Act to enact eligibility requirements on candidates for the City Council.

Respondent-Candidate, Eric Steveson, seeks an order declaring NYC Charter, Chapter 50-a section 1139, unconstitutional in that it violates Respondent-Candidate's federal and state constitutional rights to due process, equal protection, first and fourteenth amendment rights, and in violation of the voting rights act in that:

(1). The law (NYC Charter, Chapter 50-a section 1139) purports to prevent persons who have been previously convicted of certain criminal offenses from holding certain public offices in the City of New York.  The law does not prohibit persons who have been convicted of certain offenses from running for office.  Accordingly, this proceeding to prevent Mr. Stevenson from appearing on the ballot is a misapplication of the subject law. As such, this proceeding should be dismissed on the ground that the subject law does not prevent Mr. Stevenson from appearing on the ballot;

(2).  It is well known and the Court should take judicial notice of the fact that persons who have committed certain offenses identified in the subject law are disproportionately African American and Latino.  Any application of the subject law would disproportionately harm New Yorkers who are African American and Latino.

the law will have a disproportionately racial impact, and is therefore violative of the 1st and 14th Amendments to the US Constitution and Sec. 2 of the Voting Rights Act.

Accordingly, the law should be stricken and not applied to

Eric Stevenson;

(3).  As such, NYC Charter, Chapter 50-a section 1139 serves essentially as a "Bill of Attainder", prohibited by the New York and United States Constitution.  Accordingly, the law should be stricken as unconstitutional;

(4).  NYC Charter, Chapter 50-a section 1139, by its terms, is to take effect immediately. This would prohibit those who have been previously convicted of certain crimes from ever holding office even though such a prohibition was not in effect at the time of Stevenson's conviction. As such, NYC Charter Chapter 50-a section 1139's retroactive effect, implicates fundamental rights of the voter and by disqualifying, *in perpetuity*, candidates like Mr. Stevenson from NYC pubic funds or public office.  Mr. Stevenson is confident, at the adjudication of this matter, this court will find NYC Charter, Chapter 50-a section 1139, unreasonably impinges on the Candidate and voter's fundamental right of the opportunity to vote for a candidate of their choosing, and the corresponding candidate's individual right to run for public office, as there are less restrictive means to accommodate the purported important governmental interests in the

F3d 119, 129 (2d Cir 2020).  As a mid-cyclechange in the rules of ballot access, the law here is subject to strict scrutiny. The law is not narrowly tailored to any state interest. The law does not use the least restrictive means to advance its purpose.

(6). That this matter should be held in abeyance

pending the outcome of the recently filed Southern District Federal action bearing title:  <u>Malikah Shabazz et. at. vs. New York City Campaign Finance, et. al.</u>, Case No. 21-CV-3069, wherein it presents the identical challenge to the constitutionality of NYC Charter, Chapter 50-a section 1139 (2021) and its applications to persons like Respondent-Candidate, and which outcome may moot the current proceeding before this court.

If any question arises as to the propriety of the removal of this action, Defendant respectfully request the opportunity to present a brief in support of its position that this case is removable. <u>See Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949</u> (11th Cir. 2000) (announcing general rule that post-removal evidence in assessing removal jurisdiction may be considered by the Court).

The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. See 28 U.S.C. §1331. A case may be removed to federal court if it could have been brought in federal court originally. See 28 U.S.C. § 1441(a); see also Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, (2003).

## <u>CONCLUSION</u>

It is well established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims. <u>Jamal v. Travelers Lloyds of Tex. Ins. Co., 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 164-65 (1977)).</u> This principle applies not only

to cases originally brought in federal court, but also to those cases removed to federal court. Id. at 806.

WHEREFORE, the undersigned Respondent Eric Stevenson, notifies the Court and all other parties that this cause is now removed, that the Bronx Supreme Court now has absolutely no jurisdiction for any judgment in this cause, bar none, unless and until the United States District Court may or may not remand, and further moves for all other relief that is just and proper.

Respectfully submitted

Eric Stevenson
1261 Chisholm Street
Bronx, New York 10459
(646)455-9407

FAX:       718-829-0032
EMAIL:   skschlein@gmail.com
CELL:     917-359-3186

PRESENT:   **KIM A. WILSON**

-------------------------------------------------------------X

In the Matter of the Application of Althea Stevens,
as Candidate Aggrieved,

                           Petitioner,

    -against-

Eric Stevenson as a candidate for the Public Office
Of Member of the City Council from the 16th
Council District and Garfield Holland
as the candidate's Contact Person; AND

Frederic M. Umane, Miguelina Camilo, Jose
Miguel Araujo, Gino A. Marmorato, Michael
Michel, Rodney L. Pepe-Souvenir, Simon
Shamoun, Patricia Anne Taylor, Tiffany Townsend
And John Wm. Zaccone, being the Commissioners
Of the Board of Elections in the City of New York.

                           Respondents,

For an order invalidating and declaring null and void
that certain Designating Petition filed with the Board
of Elections purporting to designate the within
named Candidate for Public Office from Bronx County
to be voted upon in the Democratic Party Election
to be held on June 22, 2021 and enjoining the
New York City Board of Elections from placing the
Respondent Candidate's name on the official ballot
and voting machines for said Election.

-------------------------------------------------------------X

      Upon the annexed Verified Petition duly verified by the Petitioner on the 5th day of April

2021, as set forth on the verification annexed to the Petition, it is

At an Ex-Parte and Urgent Motion
Part of the Supreme Court of the
State of New York, held in and for
the County of Bronx, at the
Courthouse located at 851 Grand
Concourse, Bronx, NY on April
6, 2021.

INDEX NO.: 804636/2021e

ORDER TO SHOW CAUSE
TO INVALIDATE
DESIGNATING PETITION

At a Virtual Conference and/or Telephone Conference

ORDERED, that the above named Respondent show cause before Hon.

John W. Carter_____, a Justice of this Court, at a Special Election Matters Part in

Room 607 at the Bronx County Courthouse located at 851 Grand Concourse, Bronx, New York

on April 12, 2021 at 2:00 A.M./P.M., of that day, or as soon thereafter as counsel can be heard,

why an Order should not be made herein: (1) invalidating and declaring null and void the

Designating Petition filed on the Respondent's behalf purporting to designate said Respondent

Candidate for the Public Office of Member of the City Council from the 16th Council District,

Bronx County; and (2) enjoining and restraining the Respondent Commissioners of the Board of

Elections in the City of New York from printing and placing the Respondent's name upon the

official ballots and voting machines to be used in the upcoming Democratic Primary Election, to

be held on June 22, 2021, and it is further;

ORDERED, that Respondent Board of Elections, in accordance with Section 3-220(6) of

the Election Law of the State of New York and the duly adopted rules of the Board of Elections

in the City of New York, shall make available at the office of the Board where such records are

maintained in the ordinary course of business during normal business hours, including, but not

limited to the voter registration records of the Respondent Candidate, the aforesaid designating

petition, cover sheet, and any amended cover sheet, identification number application form(s),

and any other documents in support of or related to the designation of the Respondent Candidate.

Any party seeking copies of the aforesaid documents shall, upon payment of the applicable fee as

established by law and/or regulation, receive the same in the ordinary course of business; and

SUFFICIENT CAUSE APPEARING THEREFORE, let service of this Order and the

papers upon which it is granted be deemed due, timely and sufficient if made as follows:

*(left margin, vertical text)* Hon. Kim Adair Wilson, J.S.C.

J.S.C.

1. In light of the public health emergency currently existing in the State of New York, upon the Respondent Candidate for Public Office on or before April 8, 2021, by enclosing same in a securely sealed and duly postpaid wrapper and sending same by overnight, next day USPS delivery or any other recognized overnight courier, waiving the requirement of any signature at the candidate's address set forth on the Designating Petition as the residence;

2. In light of the public health emergency currently existing in the State of New York, upon the Respondent Candidate's Contact Person, on or before April 8, 2021, by enclosing same in a securely sealed and duly postpaid wrapper and sending same by overnight, next day USPS delivery or any other recognized overnight courier, waiving the requirement of any signature at the Contact Person's address set forth on the Designating Petition Cover Sheet as the residence;

3. Upon the Respondent Commissioners of the Board of Elections in the City of New York, ELECTRONIC MAIL TO : SERVICE NJCBoE 2021@BOE.N.YC WITH THE on or before April 8, 2021, by ~~personally delivering a true copy of this Order and the~~ CAPTION OF THE CASE AND INDEX NUMBER PLACED IN THE SUBJECT LINE OF THE ~~annexed papers upon the person designated by said Board to receive such service at 32~~ EMAIL. PETITIONER AND/OR COUNSEL MUST RETAIN AND FILE THE AUTO-REPLY ~~Broadway, New York, New York; and~~ CONFIRMATION EMAIL THAT WILL BE SENT UPON RECEIPT BY THE BOARD AS AN ~~That such service should be deemed good and sufficient service thereof, and such service~~ EXHIBIT TO PROOF OF SERVICE AND ~~shall constitute sufficient notice hereof.~~ THAT SUCH SERVICE SHOULD BE DEEMED GOOD AND SUFFICIENT SERVICE THEREOF, AND SUCH SERVICE SHALL CONSTITUTE SUFFICIENT NOTICE HERETO

*Hon. Kim Adair Wilson, J.S.C.*

J.S.C.

APR 6 2021          APR 6 2021          ENTER.

KIM A. WILSON

**Hon. Kim Adair Wilson, J.S.C.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X
In the Matter of the Application of Althea Stevens,
as Candidate Aggrieved,

INDEX NO.: 804636/2021E

Petitioner,

-against-

VERIFIED PETITION TO
INVALIDATE
DESIGNATING PETITION

Eric Stevenson as a candidate for the Public Office
Of Member of the City Council from the 16th
Council District and Garfield Holland
as the candidate's Contact Person; AND

Frederic M. Umane, Miguelina Camilo, Jose
Miguel Araujo, Gino A. Marmorato, Michael
Michel, Rodney L. Pepe-Souvenir, Simon
Shamoun, Patricia Anne Taylor, Tiffany Townsend
And John Wm. Zaccone, being the Commissioners
Of the Board of Elections in the City of New York.

Respondents,

For an order invalidating and declaring null and void
that certain Designating Petition filed with the Board
of Elections purporting to designate the within
named Candidate for Public Office from Bronx County
to be voted upon in the Democratic Party Election
to be held on June 22, 2021 and enjoining the
New York City Board of Elections from placing the
Respondent Candidate's name on the official ballot
and voting machines for said Election.
-------------------------------------------------------------X
Petitioner herein respectfully alleges as follows:

1.      Petitioner Althea Stevens resides at 800 Grand Concourse, Bronx, New York 10451, and

is a duly qualified voter enrolled in the Democratic Party and entitled to vote at the next Primary

Election in the 16th Council District, Bronx County. Petitioner is also a candidate aggrieved

within the meaning of NYS Election Law § 16-102.

2.    The Petitioner is informed by counsel and believes that the last day to institute this proceeding is April 8, 2021, and that said time has not elapsed. By reason of this time limitation, this application is being made by Order to Show Cause rather than by Notice of Motion, and alternative service of process is requested.

3.    That certain papers were filed with the Respondent Board of Elections on or about March 25, 2021 allegedly constituting a Designating Petition purporting to designate the Respondent Candidate for Public Office from the 16th Council District, Bronx County.

4.    That at all times hereinafter mentioned, the Respondent members of the Board of Elections are Commissioners of Elections of the City of New York and constitute the Board of Elections in the City of New York.

5.    That pursuant to the Election Law of the State of New York and the Petition Rules promulgated by the Board of Elections in the City of New York for Designating Petitions, the Democratic Primary Election is scheduled to be held on June 22, 2021.

6.    Upon information and belief, the Respondent Candidate is not qualified and/or eligible to be elected to, or hold, the Public Office of council member as a result of his conviction of several felonies pursuant to Title 18 of the United States code as more particularly set forth in Local Law No. 15 for the Year 2021.

7.    Upon information and belief, such convictions have not been vacated pursuant to Federal Law, nor has the Respondent Candidate been pardoned by the President. The Petitioner seeks leave to assert and prove the foregoing at a hearing held herein.

8.    Petitioner further adopts and asserts the factual and legal arguments proffered by her counsel in his Attorney's Affirmation, incorporated and made a part of the pleadings herein.

WHEREFORE, the Petitioner requests that the annexed Order to Show Cause be signed, that the relief sought be granted, and that the Petitioner be granted such other and further relief as the Court may deem just and proper.

Althea Stevens

## PETITIONER'S VERIFICATION

State of New York     )
                      )ss.:
County of Bronx       )

Althea Stevens, being duly sworn, deposes and says that she is the Petitioner herein and has read the foregoing Petition and knows its contents; that same is true to her knowledge, except as to those matters herein alleged upon information and belief and, as to those matters, believes them to be true.

Althea Stevens

Sworn to before me on
April 5, 2021

Stanley K. Schlein
Notary Public
#03-4634627
Qualified in Bronx County
Commission Expires 7/31/22

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X

In the Matter of the Application of Althea Stevens,
as Candidate Aggrieved,

INDEX NO.: **804636/2021E**

Petitioner,

AFFIRMATION IN
SUPPORT OF PETITION

-against-

Eric Stevenson as a candidate for the Public Office
Of Member of the City Council from the 16th
Council District and Garfield Holland
as the candidate's Contact Person; AND

Frederic M. Umane, Miguelina Camilo, Jose
Miguel Araujo, Gino A. Marmorato, Michael
Michel, Rodney L. Pepe-Souvenir, Simon
Shamoun, Patricia Anne Taylor, Tiffany Townsend
And John Wm. Zaccone, being the Commissioners
Of the Board of Elections in the City of New York.

Respondents,

For an order invalidating and declaring null and void
that certain Designating Petition filed with the Board
of Elections purporting to designate the within
named Candidate for Public Office from Bronx County
to be voted upon in the Democratic Party Election
to be held on June 22, 2021 and enjoining the
New York City Board of Elections from placing the
Respondent Candidate's name on the official ballot
and voting machines for said Election.
-----------------------------------------------------------------X

STANLEY K. SCHLEIN, an attorney duly admitted to practice law in the State of New York

hereby affirms the following to be true under penalty of perjury:

1.      I am the attorney for the Petitioner herein, Althea Stevens, in support of her application to

declare the Designating Petition of Candidate Respondent Eric Stevenson ("Stevenson") to be

void and his name to be stricken from the proposed ballot for the public office of council

member from the 16th Council District, Bronx County. A copy of Stevenson's Designating

Petition Cover Sheet is attached hereto and made a part hereof as **EXHIBIT 1**.

2.      In or about January 2014, Stevenson was found guilty of four separate felony counts in

violation of 18 U.S.C. § 1349, 371, 666(a)(1)(B) and 1951 respectively.

3.      On May 21, 2014, "the district court sentenced Stevenson to an aggregate term of 36

months of imprisonment and . . . also entered a preliminary order of forfeiture in the amount of

$22,000.00 representing the amount of the bribes." A true and accurate copy of the decision of

the United States Court of Appeals for the Second Circuit affirming the conviction, decided

August 17, 2016, is attached hereto and made a part hereof as **EXHIBIT 2**. See Exhibit 2, pgs.

2-3 (emphasis added).

4.      Stevenson is a duly enrolled voter in the Democratic Party residing at 1261 Chisholm

Street, Bronx, New York and filed the Designating Petition referred to herein above on March

25, 2021. A true and accurate copy of Stevenson's voter registration records, provided by the

New York City Board of Elections, are attached hereto and made a part hereof as **EXHIBIT 3**.

5.      The New York City Council passed legislation on February 11, 2021 that was approved

by the Mayor on February 25, 2021 as Local Law No. 15 for the year 2021. In salient part, §

1139 2. and 5. specifically state that ". . . no person shall be eligible to be elected to, or hold, the

office of . . . council member who has been convicted . . . of a felony . . . defined in § 666 of title

18 of the United States code; . . . § 1951 of title 18 of the United States code." A full and

complete copy of this Local Law is attached hereto and made a part hereof as **EXHIBIT 4**

(emphasis added).

6.      Accordingly, and by virtue of the felony convictions of Stevenson set forth hereinabove,

he has been deemed ineligible to seek the office of council member from the 16th Council

District, Bronx County.

7.      Petitioner respectfully requests this Court to invalidate Stevenson's Designating Petition

and disqualify his candidacy and to direct the Board of Elections in the City of New York to

remove his name from the primary ballot for the election to be held on June 22, 2021.

WHEREFORE, it is respectfully requested that the within Petition be granted in all respects,

together with such other and further relief as this Court deems just and proper.

Dated: Bronx, New York
           April 5, 2021

Stanley K. Schlein, Esq.
Attorney for Petitioner
481 King Avenue
Bronx, New York 10464
(917) 359-3186
skschlein@gmail.com



Exhibit 1

# COVERSHEET

**Designating Petitions**
**Filed In New York City and Counties Which Utilize Petition Identification Numbering Systems**

## DEMOCRATIC PARTY – BRONX COUNTY

| NAME OF CANDIDATE | PUBLIC OFFICE | PLACE OF RESIDENCE |
|---|---|---|
| **ERIC STEVENSON** | **Council Member from the 16th Council District Bronx County, City of New York** | **1261 Chisholm Street Bronx, New York 10459** |

The following information applies to the above-designated candidate:

**Total Number of Volumes in Petition:** 2 (TWO)

**(Volume numbers not set forth on this Cover Sheet are not claimed in these petitions)**

# Identification Numbers: <u>**BX2100987**</u>, _BX2101774_,

The petition contains the number, or in excess of the number, of valid signatures required by the Election Law. The above identification numbers are the only ones to be filed for Eric Stevenson, Candidate for New York City Council District 16 in Bronx County.

**Contact Person to Correct Deficiencies:**

Name: Garfield Holland

Residence Address: 2010 Powell Avenue, Apt. 6J, Bronx, New York 10472

Phone: (914) 620 – 4499        Email: <u>Garfield.Holland@garfieldholland.com</u>

I hereby authorize that notice of any determination made by the Board of Elections be transmitted to the person named above.

_____

| Name of Candidate | Website Address |
|---|---|
| <u>**ERIC STEVENSON**</u> | **www.stevensonforus.com** |

_____
**Signature of Candidate or Agent**

RECYCLED PAPER
RECYCLABLE

Exhibit 2

14-1862-cr
United States v. Stevenson

1          𝕴𝖓 𝖙𝖍𝖊
2   𝖀𝖓𝖎𝖙𝖊𝖉 𝖲𝖙𝖆𝖙𝖊𝖘 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘
3        𝖋𝖔𝖗 𝖙𝖍𝖊 𝖲𝖊𝖈𝖔𝖓𝖉 𝕮𝖎𝖗𝖈𝖚𝖎𝖙

4   _____

5

6          August Term, 2015
7          No. 14-1862-cr

8

9   UNITED STATES OF AMERICA,
10          *Appellee,*

11

12              *v.*

13

14          ERIC STEVENSON,
15      *Defendant-Appellant,*

16

17   IGOR BELYANSKY, ROSTISLAV BELYANSKY, AKA Slava, IGOR
18   TSIMERMAN, DAVID BINMAN, SIGFREDO GONZALEZ,
19          *Defendants.*[*]

20   _____

21

22   Appeal from the United States District Court
23      for the Southern District of New York.
24   No. 13-cr-161 — Loretta A. Preska, *Chief Judge.*

25   _____

26

27   ARGUED: DECEMBER 16, 2015
28   DECIDED: AUGUST 17, 2016

_____

[*] The Clerk of Court is directed to amend the caption as set forth above.

Before: RAGGI, WESLEY, and DRONEY, *Circuit Judges*.

Appeal from judgment and orders of the United States District Court for the Southern District of New York (Preska, *C.J.*) imposing a 36-month sentence of imprisonment, ordering forfeiture in the amount of $22,000, and designating Defendant's contributions to the New York State pension fund as a substitute asset for forfeiture.  We **AFFIRM**.

> RANDA D. MAHER, ESQ., Great Neck, New York, *for Appellant*.
>
> PAUL M. KRIEGER, Assistant United States Attorney (Brian A. Jacobs, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York, *for Appellee*.

DRONEY, *Circuit Judge*:

Defendant Eric Stevenson, a former Member of the New York State Assembly representing a district in the Bronx, was convicted

1   after a jury trial of (1) conspiracy to commit honest services wire

2   fraud, *see* 18 U.S.C. § 1349; (2) conspiracy to commit federal

3   programs bribery and to violate the Travel Act, *see id.* § 371; (3)

4   accepting bribes, *see id.* § 666(a)(1)(B); and (4) extortion under color

5   of official right, *see id.* § 1951.  Stevenson raises a number of issues on

6   appeal, the majority of which we address in a summary order issued

7   simultaneously with this opinion.   Here, we address only

8   Stevenson's challenges to (1) the sentence imposed, (2) the forfeiture

9   order, and (3) the designation of substitute assets for forfeiture.  We

10   **AFFIRM.**

11   **BACKGROUND**

12   From 2011 until 2013, Stevenson was a Member of the New

13   York State Assembly as a representative of District 79 in the Bronx.

14   In March 2012, federal law enforcement officers began investigating

15   his interactions with a group of individuals (the "Businessmen")

16   who were seeking assistance in opening and operating adult daycare

1   centers in the Bronx.  For the next year, law enforcement officers

2   worked with confidential informants to investigate Stevenson and

3   others, and conducted audio and visual surveillance.  Based on that

4   investigation, Stevenson was indicted in the United States District

5   Court for the Southern District of New York and arrested in April

6   2013.  At his subsequent jury trial, the Government presented

7   evidence that Stevenson accepted three bribes in 2012 and 2013 in

8   the total amount of $22,000 in return for various actions to promote

9   the Businessmen's adult daycare centers, including proposing

10  legislation to the New York State Legislature that would have

11  imposed a moratorium on new adult daycare centers, thus favoring

12  the Businessmen.  The jury found Stevenson guilty on all counts in

13  January 2014.

14      On May 21, 2014, the district court sentenced Stevenson to an

15  aggregate term of 36 months of imprisonment.  The district court

16  also entered a preliminary order of forfeiture in the amount of

4

1    $22,000, representing the amount of the bribes.  The final judgment,

2    including an order of forfeiture, was entered on May 23, 2014.

3        In December 2014, after it was determined by the district court

4    that the forfeiture amount could not be satisfied, the district court

5    entered a preliminary substitute order of forfeiture, pursuant to 21

6    U.S.C. § 853(p) and Federal Rule of Criminal Procedure 32.2, for

7    Stevenson's "contributions, funds, benefits, rights to disbursements,

8    or other property" held by the New York State and Local Retirement

9    System.  J.A. 1429.  The final order of forfeiture of substitute assets

10   was entered on July 30, 2015.

11       Stevenson appeals the 36–month sentence, arguing that the

12   district court's calculation of his sentencing guidelines range was

13   improper because two of the enhancements that were selected (for

14   acting as a "public official," *see* U.S.S.G. § 2C1.1(a)(1), and as an

15   "elected public official," *see*   U.S.S.G.  §  2C1.1(b)(3)) were

16   impermissibly overlapping.  He also argues that he was entitled to

5

1    have a jury decide the amount of forfeiture beyond a reasonable

2    doubt, and that designating his interest in his retirement fund as a

3    substitute asset was error as it is protected from such forfeiture by

4    Article V of the New York State Constitution.   We disagree, and

5    affirm the sentence and forfeiture orders.

6                              **DISCUSSION**

7    **I.       Sentencing Challenges**

8                **a.  Enhancements**

9         Stevenson's pre-sentence report included a computation of his

10   total offense level as 24, based on a base offense level of 14 and the

11   inclusion of three enhancements that added 10 levels.[1] Stevenson

12   does not contest the factual bases for that computation, but argues

13   that it included impermissible double counting due to its application

14   of two separate increases in his offense level relating to his service as

---

[1] The base offense level for an offense involving bribery, when the defendant is a public official, is 14.  U.S.S.G. § 2C1.1(a)(1).  Stevenson's offense level was then increased by two because the offense involved more than one bribe, U.S.S.G. § 2C1.1(b)(1), by four because the value of the payments exceeded $10,000, but did not exceed $30,000, U.S.S.G. §§ 2C1.1(b)(2), 2B1.1(b)(1)(C), and by four because the offense involved an elected public official, U.S.S.G. § 2C1.1(b)(3), for a total of 24.

6

1    a public official.  The first of those increases was based on U.S.S.G.

2    § 2C1.1(a)(1), which elevated Stevenson's base offense level from 12

3    to 14 because he was a "public official."  The second was U.S.S.G.

4    § 2C1.1(b)(3), which was used to assign Stevenson a 4-level

5    enhancement due to his status as an "elected public official."

6    Stevenson's argument is that both enhancements cannot be applied

7    to a single defendant because each addresses the same harm.

8    Stevenson did not make this objection before the district court, so we

9    review this claim of procedural unreasonableness for plain error.

10   *See United States v. Wernick*, 691 F.3d 108, 113 (2d Cir. 2012).    A

11   showing of plain error requires that:

12       (1) there is an error; (2) the error is clear or obvious,
13       rather than subject to reasonable dispute; (3) the error
14       affected the appellant's substantial rights, which in the
15       ordinary case means it affected the outcome of the
16       district court proceedings; and (4) the error seriously
17       affects the fairness, integrity or public reputation of
18       judicial proceedings.
19

1    *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation

2    marks and brackets omitted).

3          There was no error here, much less plain error.

4    "Impermissible double counting occurs when one part of the

5    guidelines is applied to increase a defendant's sentence to reflect the

6    kind of harm that has already been fully accounted for by another

7    part of the guidelines." *United States v. Volpe*, 224 F.3d 72, 76 (2d Cir.

8    2000) (internal quotation marks omitted).   Nonetheless, "multiple

9    adjustments may properly be imposed when they aim at different

10    harms emanating from the same conduct."   *Id*.   The relevant

11    question, then, is whether the two enhancements "serve identical

12    purposes"—in which case applying both would be double counting

13    and would demonstrate procedural irregularity—or whether they

14    "address separate sentencing considerations." *Id*.

15         We conclude that the two enhancements do not serve identical

16    purposes or address the same harm.  While a betrayal of public trust

8

1    is a serious matter in any criminal case, it may be considered a

2    greater harm when committed by one who has been elected to office

3    and not simply appointed to a public position.   As the Eleventh

4    Circuit has noted,

5          [b]ecause of the critical importance of representative
6          self-government, a guideline that applies to any public
7          official who betrays the public trust does not fully
8          account for the harm that is inflicted when the trust that
9          the official betrays was conferred on him in an election.
10         Being a bribe-taking 'elected public official' is different
11         from being a run-of-the-mill, bribe-taking, non-elected
12         'public official.'"

13

14   *United States v. White*, 663 F.3d 1207, 1217 (11th Cir. 2011) (some

15   internal quotation marks and brackets omitted); *see also United States*

16   *v. Barraza*, 655 F.3d 375, 384 (5th Cir. 2011) (rejecting claim that

17   simultaneous application of U.S.S.G. § 2C1.1(a)(1) and § 2C1.1(b)(3)

18   constitutes double counting); *United States v. Gilmore*, No. CR 10-200-

19   02, 2012 WL 1377625, at *6 (W.D. La. Apr. 18, 2012) (noting that the

20   term "public official is construed broadly to cover persons who are

21   not even employees of a local or state government," and finding no

9

1   double counting when both U.S.S.G. § 2C1.1(a)(1) and § 2C1.1(b)(3)

2   are applied).   Thus, we conclude that the application of sentencing

3   enhancements under both U.S.S.G. §§ 2C1.1(a)(1) and 2C1.1(b)(3) did

4   not here constitute double counting.

5   **b. Disparity**

6   Stevenson also argues that his sentence was procedurally

7   unreasonable because it reflected an impermissible disparity under

8   18 U.S.C. § 3553(a)(6) between the sentence received by  Stevenson

9   and those of his co-defendants (the Businessmen: Igor Belyansky,

10   Slava Belyansky, Igor Tsimerman, and David Binman).

11   We also reject this argument.   18 U.S.C. § 3553(a)(6) requires

12   that a sentencing court consider "the need to avoid unwarranted

13   sentence disparities among defendants with similar records who

14   have been found guilty of similar conduct," not that it consider the

15   disparities between co-defendants. *See United States v. Frias*, 521 F.3d

16   229, 236 (2d Cir. 2008) ("We have held that section 3553(a)(6)

17   requires a district court to consider nationwide sentence disparities,

10

1   but does not require a district court to consider disparities between

2   co-defendants.").

3       Even so, the district court here did in fact consider the

4   sentences of the co-defendants when explaining Stevenson's

5   sentence: the other defendants had lower guideline ranges, pled

6   guilty, and accepted responsibility for their conduct.  As the district

7   court also noted, there were additional considerations in sentencing

8   Stevenson as an elected official who was bribed that did not apply to

9   the other defendants, the bribing parties who had no governmental

10   positions: "to compare the sentences of the bribing parties to the

11   sentence of the public official who was bribed is [to compare] apples

12   and oranges."   J.A. 1356.   The district court did not commit

13   procedural error in its computation and application of the

14   sentencing guidelines.

15

1   II.   **Forfeiture**

2        a. *Libretti v. United States*

3        At Stevenson's sentencing, the district court issued an order of

4   forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C)[2] and 28 U.S.C.

5   § 2461(c) in the amount of $22,000 based on its conclusion regarding

6   "the amount of proceeds traceable to the commission of the offenses

7   charged in . . . the Indictment." J.A. 1345–48.  On appeal, Stevenson

8   argues that this was improper because, under the Sixth Amendment,

9   the facts relevant to the determination of the amount of a criminal

10  forfeiture must be found by a jury beyond a reasonable doubt.[3]

11       In 1995, the Supreme Court addressed this issue directly,

12  holding that there is no Sixth Amendment right to a jury

---

[2] "While § 981(a)(1)(C) is a civil forfeiture provision, it has been integrated into criminal proceedings via 28 U.S.C. § 2461(c)." *United States v. Contorinis*, 692 F.3d 136, 145 n.2 (2d Cir. 2012).  28 U.S.C. § 2461(c) provides that the procedures of 21 U.S.C. § 853 apply to such proceedings.

[3] Stevenson also argues on appeal that the evidence failed to establish beyond a reasonable doubt that the proceeds traceable to him for the offenses he was convicted of amounted to $22,000. However, the amount of a forfeiture order must be supported "only by a preponderance of the evidence," and "the district court's factual findings [are reviewed] for clear error." *United States v. Gaskin*, 364 F.3d 438, 461–62 (2d Cir. 2004).  Stevenson has pointed us to no such clear error here.

12

1    determination in a criminal forfeiture proceeding.   *See Libretti v.*

2    *United States*, 516 U.S. 29, 48–49 (1995).   Stevenson acknowledges

3    *Libretti*, but argues that more recent Supreme Court decisions have

4    served to effectively overrule it.   Specifically, in *Apprendi v. New*

5    *Jersey*, 530 U.S. 466, 490 (2000), the Supreme Court held that "any

6    fact that increases the penalty for a crime beyond the prescribed

7    statutory maximum must be submitted to a jury, and proved beyond

8    a reasonable doubt."   Twelve years later, the Supreme Court applied

9    this principle to the calculation of a maximum criminal fine as part

10   of a sentence, holding that the amount of a fine, "like the maximum

11   term of imprisonment or eligibility for the death penalty, is often

12   calculated by reference to particular facts. . . .   In all such cases,

13   requiring juries to find beyond a reasonable doubt facts that

14   determine the fine's maximum amount is necessary to implement

15   *Apprendi's* 'animating principle' . . . ."   *S. Union Co. v. United States*,

16   132 S. Ct. 2344, 2350, 51 (2012) (quoting *Oregon v. Ice*, 555 U.S. 160,

13

1    168 (2009)).  And one year after that, the Supreme Court extended

2    the principle further to facts affecting a mandatory minimum

3    sentence of incarceration.  *Alleyne v. United States*, 133 S. Ct. 2151,

4    2158 (2013).

5          After *Apprendi*, but before *Southern Union* or *Alleyne*, we

6    confirmed that *Libretti* remained good law.  *United States v. Fruchter*,

7    411 F.3d 377, 380–82 (2d Cir. 2005).   The Supreme Court has

8    explained that "[i]f a precedent of this Court has direct application

9    in a case, yet appears to rest on reasons rejected in some other line of

10    decisions, the Court of Appeals should follow the case which

11    directly controls, leaving to this Court the prerogative of overruling

12    its own decisions."  *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*,

13    490 U.S. 477, 484 (1989).   Consequently, faced in *Fruchter* with an

14    argument that "*Apprendi* and its progeny have so undercut *Libretti* as

15    to have overruled it sub silentio," we held that "*Libretti* remains the

16    law until the Supreme Court expressly overturns it."  *Fruchter*, 411

14

1    F.3d at 381.  In finding that neither *Apprendi* nor the other Supreme

2    Court cases urged upon us as having overturned *Libretti*[4] had done

3    so, we pointed to "the distinction between criminal forfeiture

4    proceedings and determinate sentencing regimes," explaining that

5    *Apprendi* and the later cases applying it "prohibit a judicial increase

6    in punishment beyond a previously specified range; in criminal

7    forfeiture, there is no such previously specified range."  *Id.* at 382,

8    383.  Calling criminal forfeiture "a different animal from determinate

9    sentencing," we concluded that "*Libretti* remains the determinative

10   decision."  *Id.* at 383.

11        Stevenson argues that the Supreme Court has since expressly

12   overruled *Libretti* in *Southern Union* and *Alleyne*.  We disagree.

13        The argument that *Southern Union* expressly overruled *Libretti*

14   fails because—just like the decisions that we considered in

15   *Fruchter*—*Southern Union* also involved a determinate sentencing

---

[4] *United States v. Booker*, 543 U.S. 220 (2005); *Blakely v. Washington*, 542 U.S. 296 (2004).

1    scheme. There, the statute through which the defendant corporation

2    was convicted of environmental violations provided a maximum

3    fine of $50,000 for each day of violation. *Southern Union*, 132 S. Ct. at

4    2349. The jury was instructed only to find a violation, but not the

5    number of days the violation occurred. *Id.* However, the district

6    court imposed a fine of $38.1 million, based on its calculation that

7    the violations occurred over a period of 762 days. *Id.* The Supreme

8    Court concluded that such a fine was not permitted based on the

9    jury's verdict, as the only violation that the jury necessarily found

10   was for one day. *Id.*

11        In so extending the *Apprendi* holding to criminal fines, the

12   Supreme Court noted that *Apprendi* required submission to a jury of

13   "any fact that increases the penalty for a crime *beyond the prescribed*

14   *statutory maximum,*" *id.* at 2350 (emphasis added) (quoting *Apprendi*,

15   530 U.S., at 490), concluding therefore that there could be no

16   "*Apprendi* violation where no maximum is prescribed," *id.* at 2353.

1   For all of the reasons we explained in *Fruchter* concerning the

2   differences between determinate sentencing and criminal forfeiture,

3   it cannot therefore be said that *Southern Union* overruled *Libretti*.

4        Nor did the Supreme Court in *Alleyne* expressly overrule

5   *Libretti.* There, it concluded that 18 U.S.C. § 924(c)—which provides

6   increased mandatory minimum periods of incarceration based on

7   whether a firearm involved in a crime of violence or drug trafficking

8   crime was carried, brandished, or discharged—required a jury

9   finding for the increased punishments.  It held that "any fact that

10  increases the mandatory minimum is an 'element' that must be

11  submitted to the jury." *Alleyne,* 133 S. Ct. at 2155.  It did not address

12  forfeiture and its different characteristics.

13       Whether it is mandatory minimums or statutory maximums,

14  those aspects of fixing the penalties for determinate sentencing

15  schemes are meaningfully different than those establishing the

16  amount of forfeiture in applying the Sixth Amendment right to a

1    jury trial.  The calculation of the amount of forfeiture is not subject to

2    any statutory thresholds that increase penalties—whether they be

3    "floor[s]" or "ceiling[s]," *see id.* at 2160—and remains within the

4    province of the sentencing court.  *Libretti* and *Fruchter* remain

5    controlling precedent, and we therefore decline to reverse the

6    district court's forfeiture order.

7              **b. Pension Plan**

8         The district court issued an order following sentencing for the

9    forfeiture of $22,000 in proceeds obtained from Stevenson's offenses,

10    *see* 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c); *see also* 21 U.S.C.

11    § 853(a), and later identified as a substitute asset for forfeiture "[a]ny

12    and all contributions, funds, benefits, rights to disbursements, or

13    other property held on behalf of, or distributed to, ERIC

14    STEVENSON, by the New York State and Local Retirement

15    System, . . . and all property traceable thereto," J.A. 1429.  These

16    contributions were made by Stevenson while he was a Member of

17    the Assembly.  Stevenson did not serve in the State Assembly long

18

1   enough to become a vested member of the pension plan entitled to

2   pension distributions, but he is entitled to a refund of the

3   contributions that he made.  See N.Y. Retire. & Soc. Sec. Law §§ 516,

4   517.  In response to an inquiry made by this Court at the conclusion

5   of oral argument, the Government made a submission explaining

6   that it "intend[ed] to serve the Order on the New York State and

7   Local Retirement System ("NYSLRS") and request that the NYSLRS

8   pay over the pension contributions" of Stevenson.  Dkt. No. 93.

9   Stevenson argues that identifying his pension plan

10   contributions as a substitute asset and permitting seizure by the

11   Government was error as those contributions are protected by

12   Article V, Section 7 of the New York State Constitution, which states

13   that such a plan's benefits "shall not be diminished or impaired."

14   We disagree.

15   The Supremacy Clause of the U.S. Constitution provides that

16   "the Laws of the United States . . . shall be the supreme Law of the

19

1    Land; . . . any Thing in the Constitution or Laws of any State to the

2    Contrary notwithstanding."  U.S. Const. art. VI, cl. 2.  Articles of the

3    New York Constitution, as state law, are therefore preempted if they

4    are inconsistent with federal law.  *See Silkwood v. Kerr-McGee Corp.*,

5    464 U.S. 238, 248 (1984) ("[S]tate law is . . . preempted to the extent it

6    actually conflicts with federal law, that is, when it is impossible to

7    comply with both state and federal law.").

8        Here, there is a conflict between New York law, providing

9    that the pension fund is not to be "diminished or impaired," and

10    federal law, which authorizes forfeiture "irrespective of any

11    provision of State law," of any property derived from the crime of

12    conviction, 21 U.S.C. § 853(a), and, where such property cannot be

13    located or has been transferred, of "any other property of the

14    defendant" in the same amount, *id*. at § 853(p)(1)-(2).  Therefore,

15    Article V, Section 7 of the New York State Constitution is preempted

16    to the extent that it would prevent forfeiture of Stevenson's

1     contributions to or benefits from a state pension or retirement

2     system up to $22,000, the amount ordered forfeited.

3          This conclusion is consistent with that of a number of our

4     sister circuits that have similarly held that various provisions of state

5     law are preempted by federal forfeiture law. *See United States v.*

6     *Fleet*, 498 F.3d 1225, 1232 (11th Cir. 2007) ("[W]e hold that where the

7     forfeiture of substitute property is concerned, 21 U.S.C. § 853(p)

8     preempts Florida's homestead exemption and tenancy by the

9     entireties laws."); *United States v. Wagoner Cty. Real Estate*, 278 F.3d

10    1091, 1097 (10th Cir. 2002) ("[W]e hold that federal preemption of

11    the Oklahoma homestead exemptions is necessary to carry out the

12    Congressional intent underlying § 881(a)(7) and to maintain

13    uniformity in federal forfeiture law."); *United States v. Bollin*, 264

14    F.3d 391, 399 (4th Cir. 2001) ("[P]ursuant to the Supremacy Clause,

15    federal forfeiture law supersedes the garnishment protections that

16    Georgia state law provides for funds in an individual retirement

1    account."); *United States v. Curtis*, 965 F.2d 610, 616 (8th Cir. 1992)

2    ("[T]he federal forfeiture statute, § 853(a), clearly superseded the

3    homestead exemption set forth in Iowa Code § 561.16.").

4                              *        *        *

5         For the foregoing reasons, we **AFFIRM** the judgment,

6    including the sentence imposed, the forfeiture order, and the order

7    identifying substitute assets by the district court.

22



Exhibit 3



## The Board of Elections in the City of New York

❶ It is a crime to procure a false registration or to furnish false information to the Board of Elections.        Please print in blue or black ink.

**9**

❶ Qualifications

*303559119*

| 1 | Are you a citizen of the U.S.? ☑ Yes ☐ No | For local use only |
| | If you answer *No*, you cannot register to vote. | |
| 2 | Will you be 18 years of age or older on or before election day? ☑ Yes ☐ No | 2018 SEP 25 |
| | If you answer *No*, you cannot register to vote unless you will be 18 by the end of the year | |

**Your name**
**M**

| 3 | Last name  STEVENSON | Suffix  MR |
| | First name  ERIC | Middle Initial |

**More information**
Items 6 & 7 are optional
*HAVA*

| 4 | Birth date 09 29 1960 | 5 | Sex ☑ M ☐ F |
| 6 | Phone | 7 | Email |

**The address where you live**

| 8 | Address (not P.O. box)  1261 CHISHOLM STREET |
| | Apt. Number PRIVATE | Zip code 10459 |
| | City/Town/Village  BRONX, N.Y.C. |
| | New York State County  BRONX |

**The address where you receive mail**
Skip if same as above

| 9 | Address or P.O. box |
| | P.O. Box | Zip code |
| | City/Town/Village |

**Voting history**

| 10 | Have you voted before? ☑ Yes ☐ No | 11 | What year? |

**Voting information that has changed**
Skip if this has not changed or you have not voted before

| 12 | Your name was  ERIC STEVENSON |
| | Your address was  1343 PROSPECT AVENUE #33 |
| | Your previous state or New York State County was  BRONX NY 10459 |

**Identification**
You must make 1 selection

For questions, please refer to *Verifying your identity* above.

| 13 | ☐ New York State DMV number |
| | ☑ Last four digits of your Social Security number   x x x – x x – 2 3 3 8 |
| | ☐ I do not have a New York State driver's license or a Social Security number. |

**Political party**
You must make 1 selection

Political party enrollment is optional but that, in order to vote in a primary election of a political party, a voter must enroll in that political party, unless state party rules allow otherwise.

*LP*

| 14 | **I wish to enroll in a political party** |
| | ☑ Democratic party |
| | ☐ Republican party |
| | ☐ Conservative party |
| | ☐ Green party |
| | ☐ Working Families party |
| | ☐ Independence party |
| | ☐ Women's Equality party |
| | ☐ Reform party |
| | ☐ Other |
| | **I do not wish to enroll in a political party** |
| | ☐ No party |

❶ **Affidavit: I swear or affirm that**
- I am a citizen of the United States.
- I will have lived in the county, city or village for at least 30 days before the election.
- I meet all requirements to register to vote in New York State.
- This is my signature or mark in the box  below.
- The above information is true. I understand that if it is not true, I can be convicted and fined up to $5,000 and/or jailed for up to four years.

| 16 | Sign  [signature] |
| | Date  9/25/19 |

**Optional questions**

| 15 | ☐ I need to apply for an Absentee ballot. |
| | ☐ I would like to be an Election Day worker. |

**MOISTEN AND SEAL**

Print by: kriley , Printed on: 4/5/2021 9:46:31 AM , ScanDate: 2019 10 01 , BatchNumber: 32 , DocumentNumber: 29

THIS IS TO CERTIFY THAT
THIS IS A TRUE COPY OF
THE ORIGINAL DOCUMENT  TDS



**Board of Elections in the City of New York**

Serial No: 303559119
Name: STEVENSON, ERIC, ,
Street: 1261  CHISHOLM STREET PVT
City/Zip: BRONX 10459
DOB: 09/29/66
Sex: M
US Citizen: Y
Care of Name:

Status: Active As of 10/02/19
ED/AD: 076/079
Enrollment: Democratic
Registration Date: 06/04/85
Future Enrollment :
Future Enrollment Date:
Voter Type: R

Mailing Address

Line 1:
Line 2:
Line 3:
Line 4:

Poll site Information

Site Num/Name: X0189-PS 186 Walter J. Damrosch School
Address: 750 Jennings Street Bronx 10459

Accessible: Y          Status:

District Information

CD: 15    SD: 32    CO: 17    CC: 1    LD : 15

THIS IS TO CERTIFY THAT
THIS IS A TRUE COPY OF
THE ORIGINAL DOCUMENT  TDS



**Board of Elections in the City of New York**

```
Serial No: 303559119                Status : Active As of 10/02/19
Name: STEVENSON, ERIC, ,            ED/AD: 076/079
Street: 1261  CHISHOLM STREET PVT   Enrollment : Democratic
City/Zip: BRONX 10459               Registration Date : 06/04/85
DOB : 09/29/66
```

**Activities to the Voter Record:**

```
Date        OP ID       CD   Description
09/10/20    AOrtiz      170  Early Voting Poll Site Change
   Changed from: 11937  Changed to: X0007

03/20/20    SFerguso    170  Early Voting Poll Site Change
   Changed from: X0007  Changed to: 11937

10/02/19    mwrotten    45   CH MINOR
   Changed from:    Changed to: 2338

10/02/19    mwrotten    85   CH STATUS X-A
   Changed from: X  Changed to: A

10/02/19    mwrotten    70   CH STAT EFF DT
   Changed from: 20160113  Changed to: 20191002

10/02/19    mwrotten    12   CH STRT NUM/SFX
   Changed from: 1343  Changed to: 1261

10/02/19    mwrotten    7    PREV/NAME/ADDR/CTY/PH
   Changed from:    Changed to: 1343 PROSPECT AVENUE 33 BRONX
```

THIS IS TO CERTIFY THAT
THIS IS A TRUE COPY OF
THE ORIGINAL DOCUMENT  TDS



## Board of Elections in the City of New York

Serial No: 303559119                     Status : Active As of 10/02/19
Name: STEVENSON, ERIC, ,                  ED/AD: 076/079
Street: 1261  CHISHOLM STREET PVT         Enrollment : Democratic
City/Zip: BRONX 10459                     Registration Date : 06/04/85
DOB : 09/29/66

**Activities to the Voter Record:**

Date        OP ID        CD  Description
10/02/19    mwrotten     14  CH APT NUM
   Changed from: 33  Changed to: PVT

10/02/19    mwrotten     13  CH STRT NAME
   Changed from: PROSPECT AVENUE  Changed to: CHISHOLM STREET

10/02/19    mwrotten     15  CH VOTER EDAD
   Changed from: 024/079  Changed to: 076/079

01/13/16    MIS           0  CH STATUS
   Changed from: A  Changed to: X

04/26/13    MIS          76  CH EDAD - REAPP
   Changed from: 022/079  Changed to: 024/079

04/17/13    sferguso     19  CH POLLSITE INFO
   Changed from: 0000  Changed to: X0189

07/10/12    sferguso     19  CH POLLSITE INFO
   Changed from: 0000  Changed to: X0189

05/24/12    MIS          76  CH EDAD - REAPP
   Changed from: 080/079  Changed to: 022/079

03/30/07    bspital      98  LANGUAGE CHANGE
   Changed from:   Changed to: ENG

THIS IS TO CERTIFY THAT
THIS IS A TRUE COPY OF
THE ORIGINAL DOCUMENT  TDS



## Board of Elections in the City of New York

```
Serial No: 303559119              Status : Active As of 10/02/19
Name: STEVENSON, ERIC, ,          ED/AD: 076/079
Street: 1261  CHISHOLM STREET PVT Enrollment : Democratic
City/Zip: BRONX 10459             Registration Date : 06/04/85
DOB : 09/29/66
```

## Activities to the Voter Record:

```
Date        OP ID      CD  Description
03/30/07    swilson    7   PREV/NAME/ADDR/CTY/PH
   Changed from: -1  Changed to:

03/30/07    swilson    7   PREV/NAME/ADDR/CTY/PH
   Changed from: 2006  Changed to:

03/30/07    hmatos     14  CH APT NUM
   Changed from: APT 33  Changed to: 33

03/30/07    msuarez    7   PREV/NAME/ADDR/CTY/PH
   Changed from:  Changed to: -1

03/30/07    msuarez    7   PREV/NAME/ADDR/CTY/PH
   Changed from:  Changed to: 2006

03/30/07    msuarez    16  CH ZIP5
   Changed from: 104591728  Changed to: 10459

12/19/06    USPSNCOA   96  USPS CITY ADDRESS CHG
   Changed from: 1343 PROSPECT AVENUE 10459 31  Changed to: 1343 PROSPECT AVE

10/10/06    MIS        99  NYSVOTER1 CLEANUP
   Changed from: LAST VOTED  Changed to: 20060912

09/18/03    MMADIGA    5   DUP NOTICE CREATED
   Changed from:  Changed to:
```

THIS IS TO CERTIFY THAT
THIS IS A TRUE COPY OF
THE ORIGINAL DOCUMENT TDS



## Board of Elections in the City of New York

Serial No: 303559119                        Status : Active As of 10/02/19
Name: STEVENSON, ERIC, ,                     ED/AD: 076/079
Street: 1261  CHISHOLM STREET PVT            Enrollment : Democratic
City/Zip: BRONX 10459                        Registration Date : 06/04/85
DOB : 09/29/66

**Activities to the Voter Record:**

| Date | OP ID | CD | Description |
|------|-------|-----|-------------|
| 05/30/03 | EAXB215I | 83 | CH STATUS A-X |

Changed from: A 19850604  Changed to: X 20030530

06/27/02   EAXBVREA   15   CH VOTER EDAD
  Changed from: ,030/79  Changed to: 080/79

10/26/99   2LP        63   SIG ONLINE REQ
  Changed from:    Changed to:

09/17/99   2AK        85   CH STATUS X-A
  Changed from: X 19981231  Changed to: A 19850604

12/31/98   EAXB215I   83   CH STATUS A-X
  Changed from: A 19850604  Changed to: X 19981231

09/09/97   2FB         5   DUP NOTICE CREATED
  Changed from:    Changed to:

09/09/97   2FB        36   CH STATUS 1-A
  Changed from: 8 19970610  Changed to: A 19850604

06/10/97   2MCD       33   CH STATUS A-8
  Changed from: A 19970513 RV  Changed to: 8 19970610

05/14/97   2MN        10   CH FNAME/MI
  Changed from: ERIC ANDRE  Changed to: ERIC

THIS IS TO CERTIFY THAT
THIS IS A TRUE COPY OF
THE ORIGINAL DOCUMENT TDS



## Board of Elections in the City of New York

Serial No: 303559119
Name: STEVENSON, ERIC, ,
Street: 1261  CHISHOLM STREET PVT
City/Zip: BRONX 10459
DOB : 09/29/66

Status : Active As of 10/02/19
ED/AD: 076/079
Enrollment : Democratic
Registration Date : 06/04/85

**Activities to the Voter Record:**

| Date | OP ID | CD | Description |
|------|-------|-----|-------------|
| 05/14/97 | 2MN | 77 | CAF |

   Changed from: B1269495  BX  Changed to: 303559119  BX

| 05/14/97 | 2MN | 63 | SIG ONLINE REQ |
|------|-------|-----|-------------|

   Changed from:  Changed to:

| 11/09/92 | BATCH | 19 | CH POLLSITE INFO |
|------|-------|-----|-------------|

   Changed from: 1008801  Changed to: X009301

THIS IS TO CERTIFY THAT
THIS IS A TRUE COPY OF
THE ORIGINAL DOCUMENT TDS



## Board of Elections in the City of New York

```
Serial No: 303559119                Status: Active As of 10/02/19
Name: STEVENSON, ERIC, ,            ED/AD: 076/079
Street: 1261  CHISHOLM STREET PVT   Enrollment: Democratic
City/Zip: BRONX 10459               Registration Date: 06/04/85
DOB: 09/29/66
```

**Voting History:**

| Election | Type | Ballot Type | Voter Type | ED/AD |
|---|---|---|---|---|
| 11/05/19 | GE | R | R | 076/079 |
| 09/10/13 | PR | R | R | 024/079 |
| 11/06/12 | GE | R | R | 022/079 |
| 09/13/12 | PR | R | R | 022/079 |
| 09/14/10 | PR | R | R | 080/079 |
| 11/03/09 | GE | R | R | 080/079 |
| 09/29/09 | RO | R | R | 080/079 |
| 09/15/09 | SP | R | R | 080/079 |
| 09/15/09 | PR | R | R | 080/079 |
| 04/21/09 | SP | R | R | 080/079 |
| 11/04/08 | GE | R | R | 080/079 |
| 09/09/08 | PR | R | R | 080/079 |
| 11/06/07 | GE | R | R | 080/079 |
| 09/12/06 | PR | R | R | 080/079 |
| 11/08/05 | GE | R | R | 080/079 |
| 11/02/04 | GE | R | R | 080/079 |
| 09/14/04 | PR | R | R | 080/079 |
| 11/04/03 | GE | R | R | 080/079 |
| 02/25/03 | SP | R | R | 080/079 |
| 09/10/02 | PR | R | R | 080/079 |
| 10/11/01 | SP | R | R | 030/079 |
| 09/25/01 | PR | R | R | 030/079 |
| 11/07/00 | GE | R | R | 030/079 |

Print by : kriley , Printed on : 4/5/2021 9:43:37 AM

THIS IS TO CERTIFY THAT
THIS IS A TRUE COPY OF
THE ORIGINAL DOCUMENT TDS



## Board of Elections in the City of New York

Serial No: 303559119                    Status: Active As of 10/02/19
Name: STEVENSON, ERIC, ,              ED/AD: 076/079
Street: 1261  CHISHOLM STREET PVT     Enrollment: Democratic
City/Zip: BRONX 10459                 Registration Date: 06/04/85
DOB: 09/29/66

**Voting History:**

| Election | Type | Ballot Type | Voter Type | ED/AD |
|----------|------|-------------|------------|-------|
| 09/14/99 | PR | A | R | 030/079 |
| 09/09/97 | PR | A | R | 030/079 |
| 12/31/88 | SP | R | R | 050/077 |
| 12/31/87 | SP | R | R | 050/077 |

Print by : kriley , Printed on : 4/5/2021 9:43:38 AM

THIS IS TO CERTIFY THAT
THIS IS A TRUE COPY OF
THE ORIGINAL DOCUMENT  TDS

Exhibit 4

# LOCAL LAWS
## OF
## THE CITY OF NEW YORK
## FOR THE YEAR 2021

---

### No. 15

---

Introduced by Council Members Brannan, Salamanca, Holden, Rivera, Ayala, Powers, Constantinides, Koo, Gjonaj, Adams, Vallone, Koslowitz, Louis, Kallos, Lander, Gibson, Deutsch and Borelli.

## A LOCAL LAW

**To amend the New York city charter, in relation to the disqualification of persons from holding an elected city office for certain felony convictions**

*Be it enacted by the Council as follows:*

Section 1. The New York city charter is amended by adding a new chapter 50-A to read as follows:

*CHAPTER 50-A*

*QUALIFICATION FOR ELECTED OFFICE*

*§ 1139 Qualification for Elected Office.   In addition to any disqualifications for holding civil office in section 3 of the public officers law, no person shall be eligible to be elected to, or hold, the office of mayor, public advocate, comptroller, borough president or council member who has been convicted, provided such conviction has not been vacated pursuant to the criminal procedure law or title 28 of the United States code or pardoned by the governor pursuant to section 4 of article IV of the New York state constitution or the president pursuant to section 2 of article 2 of the United States constitution, of a felony, including an attempt or conspiracy to commit a felony, defined in:*

*1. sections 155.30, 155.35, 155.40, and 155.42 of the penal law, if the property stolen consisted in whole or in part of public funds;*

*2. section 666 of title 18 of the United States code;*

*3. section 1001 of title 18 of the United States code, if such felony was committed through the use of, or in connection with, such person's elected office;*

*4. sections 1341, 1343 and 1346 of title 18 of the United States code; or*

*5. section 1951 of title 18 of the United States code.*

§ 2. This local law takes effect immediately.


THE CITY OF NEW YORK, OFFICE OF THE CITY CLERK, s.s.:

I hereby certify that the foregoing is a true copy of a local law of The City of New York, passed by the Council on February 11, 2021 and approved by the Mayor on February 25, 2021.

MICHAEL M. McSWEENEY, City Clerk, Clerk of the Council.


CERTIFICATION OF CORPORATION COUNSEL

I hereby certify that the form of the enclosed local law (Local Law No. 15 of 2021, Council Int. No. 374-A of 2018) to be filed with the Secretary of State contains the correct text of the local law passed by the New York City Council and approved by the Mayor.

STEPHEN LOUIS, Acting Corporation Counsel.

# REQUEST FOR JUDICIAL INTERVENTION

UCS-R-10
(rev. 07/29/2019)

Bronx Supreme COURT, COUNTY OF Bronx

Index No: _____     Date Index Issued: _____

| | For Court Use Only: |
|---|---|
| **CAPTION** Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet. | IAS Entry Date |

Althea Stevens

Judge Assigned

-against-                                                                 Plaintiff(s)/Petitioner(s)

Eric Stevenson, Commissioners of the Board of Elections in the City of New York

RJI Filed Date

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING:** Check only one box and specify where indicated.

**COMMERCIAL**

- [ ] Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- [ ] Contract
- [ ] Insurance (where insurance company is a party, except arbitration)
- [ ] UCC (includes sales and negotiable instruments)
- [ ] Other Commercial (specify): _____

*NOTE:* For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the **COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C)**.

**REAL PROPERTY:** Specify how many properties the application includes: _____

- [ ] Condemnation
- [ ] Mortgage Foreclosure (specify): [ ] Residential  [ ] Commercial
  Property Address: _____

  *NOTE:* For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the **FORECLOSURE RJI ADDENDUM (UCS-840F)**.

- [ ] Tax Certiorari - Section: _____ Block: _____ Lot: _____
- [ ] Tax Foreclosure
- [ ] Other Real Property (specify): _____

**OTHER MATTERS**

- [ ] Certificate of Incorporation/Dissolution  [see *NOTE* in **COMMERCIAL** section]
- [ ] Emergency Medical Treatment
- [ ] Habeas Corpus
- [ ] Local Court Appeal
- [ ] Mechanic's Lien
- [ ] Name Change
- [ ] Pistol Permit Revocation Hearing
- [ ] Sale or Finance of Religious/Not-for-Profit Property
- [ ] Other (specify): _____

**MATRIMONIAL**

- [ ] Contested

  *NOTE:* If there are children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum (UCS-840M)**.

  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

**TORTS**

- [ ] Asbestos
- [ ] Child Victims Act
- [ ] Environmental (specify): _____
- [ ] Medical, Dental, or Podiatric Malpractice
- [ ] Motor Vehicle
- [ ] Products Liability (specify): _____
- [ ] Other Negligence (specify): _____
- [ ] Other Professional Malpractice (specify): _____
- [ ] Other Tort (specify): _____

**SPECIAL PROCEEDINGS**

- [ ] CPLR Article 75 (Arbitration)  [see *NOTE* in **COMMERCIAL** section]
- [ ] CPLR Article 78 (Body or Officer)
- [ ] Election Law
- [ ] Extreme Risk Protection Order
- [ ] MHL Article 9.60 (Kendra's Law)
- [ ] MHL Article 10 (Sex Offender Confinement-Initial)
- [ ] MHL Article 10 (Sex Offender Confinement-Review)
- [ ] MHL Article 81 (Guardianship)
- [ ] Other Mental Hygiene (specify): _____
- [x] Other Special Proceeding (specify): Election Law

**STATUS OF ACTION OR PROCEEDING:** Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | [ ] | [x] | If yes, date filed: _____ |
| Has a summons and complaint or summons with notice been served? | [ ] | [x] | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | [ ] | [x] | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION:** Check one box only and enter additional information where indicated.

- [ ] Infant's Compromise
- [ ] Extreme Risk Protection Order Application
- [ ] Note of Issue/Certificate of Readiness
- [ ] Notice of Medical, Dental, or Podiatric Malpractice    Date Issue Joined: _____
- [ ] Notice of Motion                     Relief Requested: _____ Return Date: _____
- [ ] Notice of Petition                    Relief Requested: _____ Return Date: _____
- [x] Order to Show Cause                  Relief Requested: _____ Return Date: _____
- [ ] Other Ex Parte Application              Relief Requested: _____
- [ ] Poor Person Application
- [ ] Request for Preliminary Conference
- [ ] Residential Mortgage Foreclosure Settlement Conference
- [ ] Writ of Habeas Corpus
- [ ] Other (specify): _____

**RELATED CASES:** List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI Addendum (UCS-840A).**

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**PARTIES:** For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A).**

| Un-Rep | Parties<br>List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant; 3rd party plaintiff, etc.) | Attorneys and/or Unrepresented Litigants<br>For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined<br>For each defendant, indicate if issue has been joined. | Insurance<br>For each defendant, indicate insurance carrier, if applicable. |
|---|---|---|---|---|
| ☐ | Name: Stevens, Althea<br><br>Role(s): Plaintiff/Petitioner | STANLEY SCHLEIN, STANLEY KALMON SCHLEIN ESQ., 481 KING AVE , BRONX, NY 10464, skschlein@gmail.com | ☐ YES ☒ NO | |
| ☒ | Name: Stevenson, Eric<br><br>Role(s): Defendant/Respondent | 1261 Chisholm Street, Bronx, NY 10459 | ☐ YES ☒ NO | |
| ☒ | Name: Commissioners of the Board of Elections in the City of New York<br>Role(s): Defendant/Respondent | 32 Broadway, New York, NY 10004 | ☐ YES ☒ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES ☐ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: 04/05/2021

STANLEY KALMON SCHLEIN
Signature

1319722
Attorney Registration Number

STANLEY KALMON SCHLEIN
Print Name

*This form was generated by NYSCEF*