**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------x

In the Matter of the Application of
ALTHEA STEVENS,

                      Plaintiff,

    -against-

ERIC STEVENSON, as a candidate for the Public Office
of Member of the City Council District and GARFIELD
HOLLAND as the candidate's contact person; AND

FREDERIC M. UMANE, MIGUELINA CAMILO,
JOSE MIGUES ARAUJO, GINO A. MARMORATO,
MICHAEL MICHEL, RODNEY L. PEPE-SOUVENIR,
SIMON SHAMOUN, PATRICIA ANNE TAYLOR,
TIFFANY TOWNSEND, AND JOHN WM. ZACCONE,
being the Commissioners of the Board of Election in the
City of New York.

                      Defendants.

------------------------------------------x



ORDER

21 Civ. 3590 (GBD)

GEORGE B. DANIELS, United States District Judge:

      Plaintiff Althea Stevens, a candidate in the June 22, 2021 Democratic Party Primary Election for Member of the City Council from the 16th Council District, filed a Verified Petition and order to show cause on April 6, 2021 in the New York State Supreme Court, Bronx County seeking to invalidate the candidacy of Defendant Eric Stevenson. Plaintiff asserts that Stevenson is ineligible to hold the office of Member of the City Council under Local Law 15 (codified at N.Y.C. Charter §1139), which disqualifies individuals with felony convictions from running for certain public offices.

      Stevenson, *pro se*, filed a notice of removal to this Court on April 26, 2021. (ECF No. 2.) The New York City Law Department, Office of the Corporation Counsel, appearing on behalf of the Commissioner Defendants, filed an Emergency Letter Motion seeking remand of this action to

the state court.[1] (ECF No. 9.) The Commissioner Defendants oppose removal, asserting that removal to this Court was improper because "there is no federal claim cognizable in the Verified Petition." (*Id.*) Accordingly, the Commissioner Defendants request that this matter be immediately remanded in order to allow the claims to be fully, properly, and timely adjudicated.[2] Plaintiff Stevenson filed a subsequent letter joining in the Commissioner Defendants' request for remand. (ECF No. 10)

The "federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). A defendant in a state court action may remove a matter to federal district court only if the district court would have originally had jurisdiction over the action. 28 U.S.C. 1441(a). The removal statute is "construe[d] . . . narrowly, resolving any doubts against removability." *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991). The party seeking to invoke federal jurisdiction bears the burden of establishing that removal is proper. *Fernandez v. Hale Trailer Brake & Wheel*, 332 F. Supp. 2d 621, 623 (S.D.N.Y. 2004). If it appears that the federal court lacks jurisdiction, "the case shall be remanded" to the state court in which the action originated. 28 U.S.C. § 1447(c).

Here, the Verified Petition raises only the application of Local Law 15 and New York State Election Law. Thus, this action does not implicate a federal question and—given the lack of

---

[1] The opposition to removal by the Commissioner Defendants provides an independent reason to remand this action. The removal statute states that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see also Pietrangelo v. Alvas Corp.*, 686 F.3d 63, 66 (2d Cir. 2012) (noting that courts in the Second Circuit "have consistently interpreted the [removal] statute 'as requiring that all defendants consent to removal within the statutory thirty-day period . . .'").

[2] This case has been pending before New York State Supreme Court Justice John W. Carter since April 6, 2021. (*See* ECF No. 2 at 7–9.) Plaintiffs advise that Justice Carter has scheduled a hearing on this matter for April 29, 2021. (ECF No. 10 at 2.)

2

diversity among the parties—Stevenson cannot establish that this matter could have originally been commenced in federal court. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 591 (2005) ("The Supreme Court has interpreted § 1441 to prohibit removal unless the entire action, as it stands at the time of removal, could have been filed in federal court in the first instance.") Similarly, removal based on federal question jurisdiction is appropriate "only if the federal question appears on the face of a 'well-pleaded complaint.'" *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 486 (2d Cir. 1998.) Therefore, while Stevenson asserts that this case is removeable because Local Law 15 is unconstitutional and Plaintiff's Verified Petition violates his civil rights, a "defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharma. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

Accordingly, this Court lacks subject matter jurisdiction and this action is hereby REMANDED to the Supreme Court of the State of New York, Bronx County. The Clerk of the Court is directed to close the case.

Dated: New York, New York
April 27, 2021

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

3